**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


KATHY JEAN GATZA,

       Plaintiff,

v.

DCC LITIGATION FACILITY, INC.,

       Defendant.

_____/

Case No. 05-30496

HON. DENISE PAGE HOOD

## MEMORANDUM OPINION AND ORDER

### I.     BACKGROUND/FACTS

Claimant Kathy Gatza submitted a Notice of Intent to Litigate against Defendant Dow Corning Corporation Litigation Facility ("Litigation Facility") pursuant to the Joint Amended Plan of Reorganization ("Plan") filed in the Dow Corning bankruptcy action. The Notice of Intent to Litigate signed February 8, 2005, indicates that Ms. Gatza's attorney is the Ohara & Tolmer law firm located in Dearborn, Michigan, specifically, Jennifer Tolmer. On July 18, 2006, Ms. Gatza entered into a Contingency Agreement with Ronald D. French, with offices in Ecorse, Michigan. On August 8, 2007, Mr. French filed a Motion to Withdraw as counsel.

As to Ms. Tolmer, Ms. Gatza's letter to the Court faxed on November 23, 2007 and filed November 26, 2007 indicates that Ms. Tolmer is no longer her attorney. Ms. Gatza submitted a copy of a letter dated September 26, 2005 sent to the Litigation Facility by Ms. Tolmer indicating she no longer represented Ms. Gatza, along with a signed copy of a document indicating Ms. Gatza agreed to Ms. Tolmer's withdrawal as counsel in the matter. The Court did not receive a copy of Ms. Tolmer's withdrawal as counsel in the matter. The Clerk's Office notified Ms. Tolmer that she may

file a Motion to Withdraw so the Court can officially note her withdrawal on the docket. On December 3, 2007, Ms. Tolmer filed a Motion for Withdrawal of Attorney.

Ms. Gatza's faxes also indicate she was represented in the past by a Jeffrey Pittman (date unknown) and the Hausmann-McNally, S.C. law firm located in Madison, Wisconsin (in 2003). If these attorneys represented Ms. Gatza prior to the filing of the Notice of Intent to Litigate then it is unnecessary to file withdrawal motions since the matter was not before the Court prior to February 2005 and it appears Ms. Tolmer was the attorney representing Ms. Gatza at the time the Notice of Intent to Litigate was filed.

No written responses to these motions were filed by the Litigation Facility. The Court held a hearing on the various matters on November 29, 2007, granting Mr. French's Motion to Withdraw as Counsel and denying without prejudice Ms. Gatza's Motion to Transfer the case to Wisconsin. In addition to the reasons set forth on the record, the Court further finds as follows, with respect to Mr. French and Ms. Tolmer's Motions to Withdraw and Ms. Gatza's Motion to Transfer her case to Wisconsin.

## II.    ANALYSIS

### A.    Motions to Withdraw as Counsel

Mr. French filed a Motion to Withdraw as Counsel for Ms. Gatza on August 8, 2007. Mr. French had never filed a Notice of Appearance in this case. Mr. French states that on July 18, 2006, Ms. Gatza executed a contingency agreement with him to represent Ms. Gatza in this action. Ms. Gatza "voided" the agreement on April 6, 2007, which document Mr. French attached to his motion. Mr. French seeks an order allowing withdrawal from the case.

Ms. Tolmer states in her Motion to Withdraw as Counsel filed December 3, 2007 that she

sent Ms. Gatza a letter on September 1, 2005 informing Ms. Gatza that Ms. Tolmer could no longer represent Ms. Gatza because Ms. Tolmer's law firm was closing. Ms. Gatza agreed to the withdrawal. Ms. Tolmer sent a letter to the Litigation Facility on September 26, 2005 indicating her withdrawal from representing Ms. Gatza. As noted above, Ms. Gatza submitted a copy of the document where she agreed to Ms. Tolmer's withdrawal as her counsel.

The Local Rules, E.D. Mich. LR 83.30(a), allow withdrawal of an appearance as attorney of record by leave of Court on motion of counsel. Ms. Gatza is well aware of Mr. French's request since she was the one who requested information be sent to Mr. French in order for him to withdraw as counsel. Additionally, Ms. Gatza sent a copy of the "voided" contingency agreement to Mr. French. Based on the documents submitted by Mr. French and Ms. Gatza, a sufficient showing has been made that there has been a breakdown of the client-attorney relationship between he and Ms. Gatza. Also, the documents submitted by Ms. Tolmer and Ms. Gatza sufficiently establish that Ms. Gatza agreed to Ms. Tolmer's withdrawal as counsel.

**B.     Motion to Appoint Counsel**

At the hearing and in various faxes, Ms. Gatza seeks appointment of counsel to represent her in this matter. Ms. Gatza also requested time to fine new counsel on her own. The Court allowed Ms. Gatza time to fine new counsel until February 7, 2008. If Ms. Gatza is unsuccessful, she could then submit a request for appointment of new counsel. Ms. Gatza filed a Letter Motion to Appoint Counsel on February 22, 2008.

In her letter, Ms. Gatza indicates that she requires an additional 60 days to read through all the documents submitted by the Litigation Facility in support of its Motion for Summary Judgment and the response to the motion submitted by the Plaintiffs' Liaison Counsel on the Claimants'

behalf.  Apparently, she had consulted with Byron E. Siegel regarding this matter who eventually

declined to represent Ms. Gatza in this case.  Ms. Gatza seeks appointment of counsel or,

alternatively, seeks a transfer of her case to Wisconsin.  Although Ms. Gatza sought an additional

60 days to respond to the summary judgment motion, Ms. Gatza did file a response to the motion

on March 11, 2008, totaling 138 pages.

"'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.

It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting

*United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)) The Court grants Ms. Gatza's request

for an appointment of counsel, should her claim survive the Litigation Facility's Motion for

Summary Judgment, which is scheduled to be heard on April 24, 2008.  At the summary judgment

motion stage, the Court finds Ms. Gatza does not require an attorney to represent her since the

Plaintiffs' Liaison Counsel has submitted a brief in opposition to the Litigation Facility's motion and

Ms. Gatza has submitted numerous documents to support her position.  The Court will *attempt* to

secure a pro bono attorney for Ms. Gatza in her trial preparation if her claim survives summary

judgment.

C.    **Motion to Transfer Case to Wisconsin**

On May 25, 2007, Ms. Gatza submitted a letter/motion requesting the case be transferred to

the United States District Court located in Green Bay, Wisconsin.  She indicates in her letter that

she has spoken to the Special Master Professor Francis McGovern about the transfer and that he

would make arrangements for the transfer with your permission.  In her November 20, 2007 letter

to the Court, she reiterates her request to transfer the case to Wisconsin indicating she does not want

to have her litigation in Detroit because she believes the litigation is "in Dow's pocket and

something very wrong is going on here." (Doc. No. 11) She indicates she never received a copy

of the Notice of Hearing of her Motion to Transfer and the Motion to Withdraw filed by Mr. French

since the Notice was sent to Mr. French. As an attorney of record, all notices are directed to the

attorney, not the party. It is the attorney's responsibility to forward notices to their clients. Since

the Court had not yet entered an order allowing Mr. French to withdraw, Ms. Gatza's address was

not on the docket. However, Ms. Gatza's address has now been added to the docket. Ms. Gatza was

allowed to appear by telephone.[1]

In a recent fax on November 24, 2007, Ms. Gatza again requests that the case be transferred

to Wisconsin. She sent a copy of the fax to Chief Judge Bernard Friedman, U.S. Supreme Court

Judge John Roberts, Wisconsin Supreme Court Justice Annette Zeigler, Hillary and Bill Clinton and

Special Master Francis McGovern, seeking assistance in the transfer of her case to Wisconsin. Ms.

Gatza claims there has been a great conspiracy between the Court, namely Judge Hood, Prof.

McGovern, Timothy Jordan, Ronald French and Douglas Schoettinger. Ms. Gatza notes that

Timothy Jordan has indicated to her that the Litigation Facility would file a motion on November

28, 2007, right before her hearing on November 29, 2007 and because she did not have notice of the

November 29, 2007 hearing date, her case would be dismissed without her knowledge. Ms. Gatza

indicates that she knows Judge Hood will dismiss the case because of the conspiracy. She was told

by Prof. McGovern that Judge Hood would be appointing her an attorney weeks previously and

---

[1] It has come to the Court's attention that Ms. Gatza recorded the proceedings before the
Court. E.D. Mich. LR 83.31(c) provides that the recording of judicial proceedings is prohibited.
The United States Attorney may require any person who violates this rule to appear before the
Court on a charge of contempt. See E.D. Mich. LR 83.31(j).

when she spoke with Prof. McGovern on November 20th, he said Judge Hood did say she would appoint Ms. Gatza an attorney but that he said, "I will bet she will not admit to it." Ms. Gatza claims that the transfer is required because of the conspiracy and because of the conflict of interest since Dow Corning is in Michigan. Ms. Gatza does not trust the attorneys from Michigan because they are too close to each other and would talk to each other without her presence.

Ms. Gatza seeks a transfer to Wisconsin because the transaction took place in Wisconsin and under Wisconsin law in the 1980's, the Bulk Supplier Doctrine held the seller responsible for the raw materials. Ms. Gatza feels she will not have a fair hearing in Michigan.

Other faxes sent by Ms. Gatza included an article entitled "Safety of Silicone Breast Implants" (faxed November 25, 2007) and a fax sent by Jeff Condra to Kathy Gatza (faxed November 26, 2007) regarding how other manufacturers received silicone sold by Dow Corning.

The Bankruptcy Code specifically states that the district court in which the bankruptcy case is pending has the authority to set the trial venue of personal injury tort claims against the debtor either in the district where the bankruptcy case is pending or where the claim arose. 28 U.S.C. § 157(b)(5). *In Re Dow Corning Corp.,* 86 F.3d 482, 497, n. 12 (6th Cir. 1996).

The Litigation Facility Agreement governing the litigation in this case provides that, "venue for the trial of individual cases shall be either in the Federal District Court for the Eastern District of Michigan or in the federal court in the district in which the Claim arose." (LFA, § 6.03(d)) This Court retains jurisdiction over all consolidated pretrial proceedings and upon conclusion of these proceedings and pretrial resolution procedures, upon the recommendation of the Special Master, this Court shall certify an individual case for trial, after considering: common issues, whether the Litigation Facility is able to pay related costs and expenses, the merits of the case, the readiness of

6

the case for trial, judicial efficiency, and, any hardship, such as severity ailment. (LFA, § 6.03(d))

In this case, there has not been a recommendation from the Special Master that the case is ready for trial. Ms. Gatza is in Class 7, which means that pretrial proceedings, including motions to dismiss based on common issues to Class 7, have been filed by the Litigation Facility. Because this case is not yet ready for trial and there are pre-trial proceedings ongoing, including the pending Motion for Summary Judgment filed by the Litigation Facility, the motion to transfer the case is premature. Ms. Gatza's Motion to Transfer is denied without prejudice.

**D.      Motion to Have the Stipulation for Dismissal Denied and Cancelled filed by Ms. Gatza**

Ms. Gatza received the proposed Stipulation for Dismissal from the Litigation Facility submitted to her former attorney, Ms. Tolmer (at Mr. French's address on the letter; these are two different lawyers at different firms). The letter accompanying the Stipulation indicated that if Ms. Tolmer did not concur in the dismissal, a motion for summary judgment would be filed by the Litigation Facility. Ms. Gatza sent a fax to the Court on November 23, 2007 seeking a dismissal of the Stipulation for Dismissal.

It is apparent Ms. Gatza will not agree to the Stipulation for Dismissal. The Motion to Have the Stipulation for Dismissal and Order of Dismissal Denied and Canceled is, therefore, moot since the Stipulation for Dismissal was not submitted to the Court by the parties.

**III.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motion for Withdrawal of Attorney Ronald D. French (**Doc. No. 5, filed August 8, 2007**) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Withdrawal of Attorney Jennifer Tolmer

**(Doc. No. 19, filed December 3, 2007)** is GRANTED.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel **(Doc. No. 23, filed February 22, 2008)** is DENIED without prejudice. The Court will *attempt* to appoint a pro bono counsel to represent Ms. Gatza in preparation for trial, should her claim survive summary judgment and has been certified for trial.

IT IS FURTHER ORDERED that the Motion to Transfer Case **(Doc. No. 3, filed May 25, 2007)** is DENIED without prejudice.

IT IS FURTHER ORDERED that the Motion to Have Stipulation for Dismissal **(Doc. No. 15, filed November 26, 2007)** is DENIED as MOOT.


*/s/ Denise Page Hood*
DENISE PAGE HOOD
United States District Judge

DATED: March 31, 2008

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, April 1, 2008, by electronic means and/or first class U.S. mail.


S/Sakne Srour
Deputy Clerk